And it appearing that the findings of the referee and of the District Court, 119 F. Supp., 868, are supported by the record and that their conclusions of law are correct under applicable authorities and Ohio decisions, **Kleine, Hegger & Co. v. L. Katzenberger & Co., 20 Oh St 110, 117,** approved and followed in **Brubaker v. Brubaker, 55 Oh St 648, 48 N. E.,** **1110,** and **Kelly v. Tracy & Avery Co., 71 Oh St 220, 242, 73 N. E., 455;** **Lawyers' Cooperative Publishing Co. v. Rose, 60 Oh Ap 258, 13 O. O. 273,** 20 N. E. (2d), 720; 65 A. L. R., 715 et seq.; 47 Am. Jur. 52; Raeuber v. Central National Bank (D. C., N. D. Ohio), 112 F. Supp., 865, 52 **O. O. 73.** Cf. In re Collinwood Motor Sales, Inc. (6 Cir.), 72 F. 2d, 137, and National Cash Register Co. v. Marks (6 Cir.), 13 F. 2d, 628;

The order of the District Court holding the conditional sales contracts valid, sustaining the order of the referee and dismissing the petition to review, is affirmed.

**CENTRAL NATIONAL BANK OF CLEVELAND, Plaintiff-Appellant, v. ARNOLD, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23785.   Decided July 11, 1956.

Richard I. Kuhn, Gerald A. Doyle, for plaintiff-appellant.
George F. Hayes, for defendant-appellee.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, J:

The Central National Bank of Cleveland brought an action on a promissory note with warrant of attorney attached, against Park Arnold, to recover $1,524.27. (The Plaside Co. was the original payee of the note. This company sold the note, without recourse, to Ceneral National Bank.) The said amount was claimed to be due for certain improvements made to a house owned by Arnold.

After the cognovit judgment had been rendered, the trial court vacated it to permit Arnold to interpose a claimed defense. Arnold, by way of answer, denied that he signed the "note upon which this action is based * * *."

The trial resulted in a judgment for Park Arnold. It is from this judgment that an appeal on questions of law is before this court.

The bank, appellant here, says, by way of assignments of error:

"1. That the defendant failed to sustain by a preponderance of the evidence that the 'X' signature of the defendant was a forgery.

"2. That the evidence produced at the trial was such that reasonable minds could only conclude as a matter of fact that the 'X' signature affixed to the note sued upon was placed thereon by the defendant.

"3. That the judgment finding in favor of the defendant and against the plaintiff is not sustained by the evidence and is contrary to the weight of the evidence.

"4. That the trial court erred in not granting plaintiff's motion for a new trial.

"5. Other errors apparent from an inspection of the record."

There has been filed in this case a bill of exceptions which bears the following certification by the trial judge:

"And now, upon the 30th day of January, 1956, being within five days after the receipt of said bill of exceptions, and all objections and amendments thereto, from the said Clerk, and within the time allowed by law, and upon due consideration of the same, and the objections and the amendments thereto, the said bill of exceptions is hereby allowed and signed by the Court, and it is ordered that the same be transmitted to the office of the Clerk of this Court forthwith, and that the same be filed as and made part of the record in this case, but not spread at large upon the journal.

"Anthony A. Rutkowski,<br>"Trial Judge."

It is thus seen that the trial judge did not certify that the bill was complete, but only that it was a bill of exceptions. When this bill of exceptions is examined with reference to the testimony taken at the trial, it is readily apparent that the bill is not complete, and that most, if not all, of the testimony in chief presented by the appellant (plaintiff Bank in the trial court) is not a part of this bill.

The defense to the action, as filed in the trial court, was not the affirmative defense of forgery, but a defense based upon a denial that the defendant ever executed the note. There is no testimony in the bill which tends to prove that this appellee, Park Arnold, signed this note, either by mark or otherwise. If there was testimony before the trial court that Park Arnold did sign the note, it is not a part of this bill of exceptions.

In the situation that confronts this court, we find no error prejudicial to the appellant on the face of the record; and, since we have only a partial bill of exceptions, we are unable to determine the claimed errors arising on the weight of the evidence.

The judgment herein must be affirmed.

STEVENS, PJ, DOYLE, J, concur.